Rudolph Brancaleone v. Commissioner.
Brancaleone v. Commissioner
Docket No. 92541.
United States Tax Court
T.C. Memo 1963-318; 1963 Tax Ct. Memo LEXIS 29; 22 T.C.M. (CCH) 1676; T.C.M. (RIA) 63318; December 2, 1963
*29 Amount of tips received by petitioner determined. Harry T. Sherman, for the petitioner. Arthur S. O'Neill, Jr., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: The respondent determined a deficiency in income tax for the calendar year 1959 in the amount of $478.18. The only question left for decision is the amount of tips received by petitioner as a beautician in Macy's Department Store in the taxable year 1959. The petitioner is not contesting the adjustments in the statutory notice disallowing part of the contributions and part of the medical expenses claimed. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. The petitioner filed an individual income tax return for the calendar year 1959 with the district director of internal revenue for the first district, Brooklyn, New York. Petitioner was employed as a beautician during 1959 in the studio shop at Macy's Department Store, Roosevelt Field, Long Island, New York. During that year he worked at least 246 days in said position at Macy's. His normal working days in 1959 at Macy's were Monday, Tuesday, Thursday, *30 Friday, and Saturday and total sales made by him at Macy's for the year 1959 were $11,480. The prices charged at the studio shop at Macy's for various services in 1959 were as follows: 1959
Permanent Wave
$ 8.50 up
Shampoo and Set - plain
2.50
Shampoo and Set - oil or cream
3.00
Set Only
2.25
Shampoo - Plain
1.00
Shampoo - Cream
1.50
Haircuts
2.00
Tints: Single Color
5.55
Double Color
8.05
Double Process
10.05
Loving Care
5.55
Silk & Silver
5.55
Treatments
3.50
Color Bath
3.50
Manicure
1.75
Facial - Plain
5.00
Facial - Pack
10.00
Lip-Wax - Bleach
1.00
Petitioner had about five or six customers a day. The clientele generally were people of modest means. Petitioner gave five or six permanent waves per week on average. The range of tips was 25 cents for a haircut and shampoo, and up to 75 cents to $1 for permanent waves and tints. Petitioner did not maintain a record of his tips in 1959 and in his income tax return for that year he reported tips in the amount of $155. Respondent determined that petitioner received tips in the amount of $1,996.74. Petitioner received during the year 1959 tips in the amount of $575 in connection *31 with his work as a beautician in Macy's Department Store at Roosevelt Field, Long Island, New York. Opinion The record on which we are asked to determine the amount of tips received by petitioner during 1959 is completely unsatisfactory. No books or records were kept by petitioner and few facts have been brought out which would be helpful in reaching a dollar figure of the tips received. In failing to keep records of his tips for 1959, petitioner failed to comply with the legal requirements. In the circumstances, respondent was authorized to make a computation of the amount of petitioner's tips in a manner which in his opinion was appropriate in the circumstances. While we are convinced respondent's determination of the tips received by petitioner is too high, having in mind the general character of the clientele, on the other hand we are not ready to accept the casual estimate of petitioner and find the tips received to be in the amounts set forth in his income tax return. A witness called by petitioner, who was a fellow beautician, testified to having received tips of more than twice those returned by petitioner. It is, of course, true that the amount one operator receives in *32 tips does not prove what a fellow worker receives but it does indicate generally whether the tips were small or large. We have carefully weighed the evidence, unsatisfactory though it is, and have determined that petitioner received during 1959 tips in the amount of $575 in connection with his work as a beautician in Macy's Department Store at Roosevelt Field, Long Island, New York. Decision will be entered under Rule 50.